**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 95-40025
Summary Calendar
_____

BUISON, INC.,

Plaintiff-Appellant,

VERSUS

YAGA, INC. f/k/a YAGA RGAZ, INC.,
JOE FLORES, BEACH THINGS, INC.,
DILLARDS DEPARTMENT STORES, INC.,
CHAMPS SPORTS, GADZOOKS, INC.,
MARSHALL FIELDS STORES, INC., and
SHANNON'S SURF SHOP,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas
(94 CV 478)
_____
August 24, 1995

Before KING, SMITH, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

The plaintiff appeals a judgment of dismissal. There is some confusion as to whether the dismissal was on the ground of failure to prosecute or want of subject matter jurisdiction. The judgment,

_____

[*] Local Rule 47.5.1 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that rule, the court has determined that this opinion should not be published.

however, plainly says it is for the latter.

The case was filed on the basis of diversity. From the face of the complaint it is obvious, however, that there is not complete diversity, as the plaintiff and at least three of the defendants are citizens of Texas for purposes of the diversity statute. In its brief, the appellant does not even attempt to argue that diversity jurisdiction, or any other form of federal jurisdiction, exists in this case. Instead, the appellant only quarrels with the notion that the case also was dismissed for failure to attend a FED. R. CIV. P. 16 conference.

Because the district court lacked subject matter jurisdiction, any other reason given for the dismissal is irrelevant. We also note that the court declined to impose sanctions, so that is not an issue here. To remove any implication that the dismissal operates on the merits of the controversy, we modify the judgment so that it still dismisses for want of jurisdiction, but we delete "WITH PREJUDICE" therefrom.

As so modified, the judgment is AFFIRMED.